IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEX WHITE, | : |
| Petitioner, | : |
| | : CIVIL ACTION 16-00365-KD-M |
| v. | : |
| | : CRIMINAL ACTION 15-00138-KD-M |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 50). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 50) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Alex White. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

White was indicted on June 25, 2015 for two counts of possession with intent to distribute a controlled substance in

1

violation of 21 U.S.C. § 841(a)(1) (Counts 1-2), possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) (Count 3), and using, carrying, or possession a firearm during or in relation to or in furtherance of a drug trafficking felony in violation of 18 U.S.C. § 924(c)(1) (Count 4) (Doc. 1).  On October 30, 2015, White entered into a Plea Agreement in which he pled guilty to Counts 2 and 4 (Doc. 37).  United States District Court Judge DuBose accepted Plaintiff's plea and found him guilty (*see* Doc. 36).  On March 11, 2016, Judge DuBose sentenced Petitioner to the following:  on Count 2, six months imprisonment, three years of supervised release following his prison term, and an assessment of one hundred dollars; and on Count 4, seven years in prison, to run consecutive to the six-month sentence in Count 2, five years of supervised release, to run concurrent with the three-year sentence in Count 2, and a one hundred dollar assessment (*see* Doc. 48).  Counts 1 and 3 were dismissed (Doc. 48).  White did not appeal his conviction or sentence (*see* Doc. 47).

   Petitioner filed his Motion to Vacate on July 8, 2016, claiming he was improperly sentenced under the language of a United States Supreme Court decision, *Johnson v. United States*, 576 U.S. ---, 135 S.Ct. 2551, 2557-58, 2563 (2015) (Doc. 50). White specifically claims that his firearm conviction does not

qualify as a "crime of violence" for purposes of sentencing enhancement (Doc. 50).  Respondent filed a response on September 9, 2016 asserting that this claim was without merit (Doc. 53).  Though given the opportunity to reply to the response, as of this date, White has not done so (*see* Doc. 52).

Before taking up Petitioner's claim, the Court notes that the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) amended, in pertinent part, 28 U.S.C. § 2255, to state as follows:

> A prisoner in custody under sentence of a court established by Act of congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f)(3).

*Johnson*, the decision on which White relies, was entered on June 26, 2015. The AEDPA limitations clock began running that day. *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said in ¶ [(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court"). White filed this action on July 8, 2016, so even if *Johnson* is applicable here, this action was not timely filed and is barred under AEDPA. Nevertheless, the Court will proceed to Petitioner's claim.

White seeks resentencing under *Johnson*. Our Circuit's Appellate Court, in *In re Hines*, explained *Johnson* this way:

> In *Johnson*, the Supreme Court held that the residual clause of the [Armed Career Criminal Act (hereinafter *ACCA*)] is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S. at ---, ---, 135 S.Ct. 2551, at 2557–58, 2563. The Supreme Court made clear that its holding that the residual clause is void did not call into question the validity of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id.* at ---, 135 S.Ct. at 2563. In *Welch v. United States*, 578 U.S. ---, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

*In re Hines*, 824 F.3d 1334, 1335–36 (11th Cir. 2016).

White claims that he was improperly sentenced in Count 4 because 18 U.S.C. § 924(c)(1)(A), containing the phrase "crime of violence," is akin to the language of 18 U.S.C. § 924(e)(2)(B)(ii), criminalizing "conduct that presents a serious potential risk of physical injury to another," that was overturned in *Johnson* (Doc. 50).

The Court finds that Petitioner's argument is misplaced. The statute under which White was sentenced states as follows:

> **[A]ny person who, during and in relation to any** crime of violence or **drug trafficking crime** [] for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A). Here, White was convicted and sentenced for possession of a weapon in furtherance of a drug trafficking crime—not because he had committed a crime of violence. *Johnson* is not applicable here. Petitioner's claim otherwise is without merit.

White has raised one claim in this petition. That claim is without merit and is barred by the AEDPA one-year limitations period. Therefore, it is recommended that the petition be

5

denied (Doc. 50), that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Alex White.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

As White filed this action beyond AEDPA's one-year limitations period, a reasonable jurist could not conclude that this Court errs in dismissing this petition or that he should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").  Furthermore, as the Court has found that Petitioner failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  It is suggested that White will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's Motion to Vacate be denied (Doc. 50), that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Alex White.  It is further

recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 20th day of October, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

8