IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 15-00138-KD-M |
| | ) |
| ALEX WHITE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Motion for Early Termination of Supervised Release filed by Defendant Alex White (doc. 226) and the United States' response (doc. 61). Upon consideration, the motion is DENIED.[1]

I. Background

Alex White pled guilty and was convicted of possession with intent to distribute crack cocaine and using, carrying, etc. a firearm in furtherance of and in relation to the drug trafficking offense. He was sentenced to a total term of ninety months – six months for the distribution conviction and eighty-four months for the firearms conviction, to serve concurrently with his "yet to be imposed state equivalent cases" (doc. 48).  As to supervised release, White was sentenced to serve three years for his conviction for possession with intent to distribute crack cocaine, and five years for his firearms conviction, to serve concurrent. (Id.). His supervision began February 11, 2022.   White has completed almost three years of his five-year term.

---

[1] No evidentiary hearing is necessary when the district court denies the motion. United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 Fed. Appx. at 913).

II. <u>Analysis</u>

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution." <u>United States v. Cordero</u>, 7 F. 4th 1058, 1069 (11th Cir. 2021) (citing 18 U.S.C. § 3583(e) U.S.C. § 3553(a)(1), (2)(B)–(D), (4)-(7)).

White argues that the relevant factors weigh in favor of early termination. He points out that he has completed the requisite one-year of supervision. He also points that he has complied with the terms of supervision, has cooperated with the U.S. Probation Office, and passed all required drug and alcohol tests. He also reports that he was certified as a welder while incarcerated and obtained gainful employment upon his release, and that he obtained a diploma from Bishop State Community College of Trucking and now has a Commercial Driver's License. As a result, White states he has been gainfully employed since his release, and has established a residence, obtained dependable transportation, established credit with his bank, and reunited with

his family. White states that he has worked hard to become a productive member of society and has shown that he is rehabilitated.

The United States argues that the relevant factors do not weigh in favor of early termination (doc. 61). Specifically, the nature and circumstances of the offenses, the history and characteristics of the defendant, the need for deterrence of further criminal activity, and the need to protect the public. The United States points out the serious nature and circumstance of White's offenses which involved a "dangerous mix of brandishing a gun in the context of drug dealing" and White's significant criminal history and characteristics. (Id., p. 3). The United States points out that prior imprisonment did not deter White from continuing criminal activity, and that he was gainfully employed during the time he engaged in drug-trafficking activities, and therefore, gainful employment does not appear to deter him from criminal activity. The United States asserts that the need to protect the public from further criminal activity by White weighs in favor of continued supervision because White is "serial offender" who "presents a threat to the public in light of his recidivist history." (Id. p. 8). [2]

The United States also argues that early termination would not meet the requirements in the applicable policy statement that supervision is necessary to help a defendant transition back to the community, and to provide rehabilitation and training programs, all to deter a return to criminal activity. The United States again points to White's criminal history of recidivism even when employed. The United States also argues that the Court varied downward significantly from the applicable guidelines range for the drug-related conviction and thus, White should not be released prematurely from supervision. Last, the United States points out that many

---

[2] The fifth factor, the need to provide the defendant with education and vocational training weighs in favor of early termination. White has obtained a commercial driver's license while on supervision.

defendants who comply with all conditions of supervision – that which is expected of all persons on supervision – serve their full terms of supervision, and therefore, the need to avoid sentencing disparities does not weigh in favor of early termination.

      The requirement that White serve at least one year on supervised release has been met. Therefore, the Court considers the relevant factors from 18 U.S.C. § 3553(a), primarily the "nature and circumstances of the offense" and White's "history and characteristics" including his criminal history, as well as the "need for the sentence imposed … to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C).  The Court has also considered the applicable guidelines range and the Court's prior decision to vary downward from the low end of the guidelines range.  The Court finds that although White has been compliant with conditions of supervision, obtained a commercial driver's license, and is gainfully employed, the relevant factors – including White's criminal history and the nature and circumstances of his offenses - weigh in favor of denying his motion.  Accordingly, the Court is not satisfied that early termination is warranted, 18 U.S.C. § 3583(e)(1), and White's motion is due to be denied.

      **DONE** and **ORDERED** this 7th day of January 2025.

                                                            **s / Kristi K. DuBose**
                                                           **KRISTI K. DuBOSE**
                                                           **UNITED STATES DISTRICT JUDGE**